UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kristin Bradt,                                                Civil Case No. 22-cv-2637

          Plaintiff,

                                                         **COMPLAINT**

v.

Hartford Life and Accident Insurance Company,

          Defendant.

The Plaintiff in the above entitled action, as and for her Complaint against the above-named Defendant, states and alleges as follows:

### NATURE OF ACTION, JURISDICTION, PARTIES AND VENUE

1. The present action is a claim for long-term disability benefits and life insurance waiver of premium benefits and arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA).

2. Plaintiff, Kristin Bradt, is an individual who, at all times relevant, resided in the County of Fillmore, State of Minnesota. At all times relevant hereto, Plaintiff was an employee of Edward D. Jones & Co., L.P.

3. At all times relevant hereto, through her employment, Plaintiff was a participant in the group long-term disability insurance Policies, group Plans number GLT675830 and group life insurance Plans 0GL402253, (Plans) issued by The Hartford Life and Accident Insurance Company (Hartford).

1

4.	As this action involves employee benefit Plans governed by ERISA, this Court has jurisdiction of this matter pursuant to 29 U.S.C. § 1132(e)(1).

5.	Defendant Hartford is the insurer and is liable for any benefits under the Plans. Defendant Hartford is a corporation which conducts and transacts insurance business within the State of Minnesota. Hartford is licensed by the Minnesota Department of Commerce to conduct insurance business in the State of Minnesota. The current mailing address of Hartford is:

> Hartford Life and Accident Insurance Company
> One Hartford Plaza
> Hartford, CT 06155-0001

## RECITATION OF FACTS

6.	At all times relevant hereto, Plaintiff was employed by Edward D. Jones & Co., L.P., as a Branch Office Manager.

7.	Through her employment, Plaintiff was a participant in group Policies/Plans numbered GLT675830 and 0GL402253.

8.	On approximately May 30, 3020, Plaintiff ceased working due to adverse health conditions. It is the opinion of her medical providers that she was and is unable to perform the major duties of her own or any job as defined in the Plans.

9.	Plaintiff timely applied for disability benefits in accordance with the terms of the Plans.

10.	Defendant denied Plaintiff's claim for benefits based solely on paper medical records reviews.

11.     Plaintiff timely appealed the adverse benefit determination including submitting additional medical information of her treating providers regarding their opinions that she was medically unable to work.

12.     Via letters dated August 25, 2022, Plaintiff was informed that the original decisions to deny her benefit claims were being upheld.

13.     In those same letters, Defendant informed Plaintiff that their decision was final and could not be appealed further to Hartford.  Accordingly, Plaintiff timely exhausted her administrative remedies under the terms of the Plans.

## CLAIM FOR RECOVERY OF BENEFITS AND ENFORCEMENT OF PLAINTIFF'S RIGHTS UNDER ERISA

14.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding Paragraphs.

15.     Defendant has violated the clear and unambiguous terms of the applicable Plans, ERISA and applicable regulations in ignoring the facts of Plaintiff's case as a whole, and in denying Plaintiff's claims for long-term disability benefits and waiver of premium benefits as provided under the Plans.

16.     As a proximate result of Defendant's violation of ERISA, applicable regulations and the terms of the Plans, Plaintiff has been harmed and deprived of benefits due under the terms of the Plans.

17.     Plaintiff is entitled to legal and equitable relief as a result of Defendant's violations of ERISA, applicable regulations and the terms of the Plans, including, but not limited to payment of long-term disability benefits wrongfully denied under the terms of the Plans,

reinstatement of the life insurance policy under waiver of premium benefits, together with appropriate interest; and, an order for all other appropriate relief including attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for an Order from the Court determining that Defendant's decision to deny benefits afforded to her under the Plans was in violation of the Plans and applicable law, and for the sum of her past disability benefits, as well as future benefits so long as she remains disabled in accordance with the terms of the Policy, reinstatement of life insurance, together with interest, penalties, attorneys' fees, costs and disbursements in this action, as well as other equitable relief and penalties pursuant to ERISA and otherwise as provided by law.

Dated this 20th day of October, 2022.

**BEEDEM LAW OFFICE**

*s/ Alesia R. Strand*
_____
Thomas J. Beedem (19668X)
tjb3@beedemlaw.com
Alesia R. Strand (0332884)
ars@beedemlaw.com
222 South Ninth Street, Suite 1600
Minneapolis, MN  55402
(612) 305-1300  Phone
(612) 339-5765  Facsimile

ATTORNEYS FOR PLAINTIFF